UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIGER A. ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>MEKEL MITCHELL,<br><br>Defendant. | CAUSE NO. 3:24-CV-519-HAB-SLC |

OPINION AND ORDER

Tiger A. Rogers, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rogers alleges that Mekel Mitchell used excessive force against him on September 25, 2022. Rogers refused a direct order to allow Mitchell to remove his handcuffs, and she threatened to spray him with OC spray. He began screaming for help and she sprayed him. Rogers asserts that this amounted to excessive force because no force was warranted under the circumstances.

This is not the first time Rogers has raised this exact claim against Mitchell. Rogers filed a similar complaint on June 12, 2024. *See Rogers v. Mitchell*, 3:24-CV-482-JTM-AZ (N.D. Ind. filed June 12, 2024). In that complaint, Rogers noted that Mitchell filed a false conduct report against him, and it resulted in his term of imprisonment being extended by two years.

In dismissing Rogers' earlier case, the court noted that Rogers was charged with battery against a staff person and lost good time credit. See *Rogers v. Warden*, 3:24-CV-72-TLS-JEM (filed Jan. 19, 2024). The conduct report alleged that Rogers refused a direct order and spat on Mitchell. That conviction had not been overturned when Rogers filed his earlier complaint, and the court explained that Rogers cannot seek damages based on allegations that the force used against him was unreasonable because doing so would undermine his disciplinary conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); see also *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (*Heck* applies to prison disciplinary convictions). The court acknowledged that excessive force claims are not categorically barred by *Heck*. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006). Rogers, however, alleged that he did not engage in any conduct that would have justified the use of OC spray—allegations which directly undermine his disciplinary conviction. *Id*. (*Heck* bar applies "if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction"). The court explained to Rogers that his claim could not be brought unless and until his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

2

issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; see also *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). The case was dismissed without prejudice.

Rogers asserts that his earlier complaint was dismissed because he mentioned the conduct report. ECF 1-1 at 1. That is inaccurate. His earlier complaint was dismissed because this court's records demonstrate that he was convicted of a conduct violation and a finding in his favor would have undermined that conviction. His conduct report has not been overturned. Therefore, this case, like Rogers' earlier case, must be dismissed.[1] Furthermore, it was legally frivolous for Rogers to bring the same claim again without the disciplinary conviction first being overturned after he was told that he could not proceed until that time.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, this case is legally frivolous, and it would be futile to allow Rogers to amend.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

---

[1] To the extent that Rogers may be asserting that, even if he did both refuse a direct order and spit on Mitchell, the force was not warranted, he likewise can't proceed. Under the Eighth Amendment, prisoners can't be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* The use of OC spray described in the complaint, in response to either Rogers' refusal to obey a direct order or spitting on Mitchell, does not amount to an excessive use of force. *See Musgrove v. Detella*, 74 F. App'x 641, 646 (7th Cir. 2003).

SO ORDERED on July 9, 2024.

                                           s/Holly A. Brady  
                                           CHIEF JUDGE  
                                           UNITED STATES DISTRICT COURT